TOM A. GRAHAM, CRIMINAL DISTRICT CLERK, V. GEORGE H. SHEPPARD, COMPTROLLER, ET. AL.

No. 6558.   Decided May 2, 1934.
(70 S. W., 2d Series, 693.)

*Geo. D. Sears* and *E. A. Knipp*, both of Houston, for relator.

On the proposition that the mandamus should issue, relator, in addition to the statutes cited in the opinion, cite the following cases: State v. Hancock, 54 N. J. L., 393, 24 Atl., 726; Bruce v. State, 173 S. W., 301; Krebs v. State, 3 Texas Crim. App., 348; LaAbra Silver Mining Co. v. United States, 175 U. S., 423, 20 Sup. Ct. Rep., 168, 44 L. Ed., 223.

*James V. Allred*, Attorney General, *R. G. Waters* and *Pat M. Neff, Jr.*, Assistants Attorney General, for respondents.

Statutes prescribing fees for public officers are construed strictly and against permitting such fees by implication, and no officer is permitted to collect fees or commissions unless the same are provided for and the amount thereof declared by law.   And where two or more defendants are jointly indicted and subsequently a severance is granted by the court as provided by law, the proceedings had to final disposition of the charge against each defendant does not constitute a "felony case finally disposed of" within the purview and meaning of Article 1026, C. C. P., and consequently a district clerk is only entitled to one fee in such cases when and after the charge against each defendant is finally disposed of.   State v. Moore,

57 Texas, 307; McLennan County v. Boggess, 104 Texas, 311, 137 S. W., 346; McCalla v. City of Rockdale, 112 Texas, 209, 246 S. W., 654; Lewis' Sutherland Statutory Construction, vol. 2 (2 Ed.), sec. 714, p. 1298; 57 C. J. p. 538, sec. 2, and statutes cited in the opinion.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The facts and issues of this case are very simple. Relator, who is Criminal District Clerk of Harris County, Texas, seeks by original mandamus in the Supreme Court, to compel George H. Sheppard, State Comptroller, and Moore Lynn, State Auditor, to perform their alleged respective statutory duties in filing, approving and issuing warrants on certain claims for criminal fees alleged to be due by the State to relator.

The only issue presented is the proper construction of Article 1026, C. C. P. of Texas, 1925, when considered in connection with severances, where two or more have been jointly indicted for felonies. The pertinent portion of the statute is as follows:

"In each county where there have been cast at the preceding presidential election 3000 votes or over the district clerk or criminal district clerk shall receive the following fees: Eight dollars for each felony case finally disposed of without trial or dismissed, or tried by jury whether the defendant be acquitted or convicted; * * * "

It is the contention of relator that, within the contemplation of the above statute, when two or more defendants are jointly indicted for a felony, and a severance is had under Article 650, C. C. P., the one case originally presented by the indictment becomes several, and the trial, or other disposition of the cause against each defendant so severing, is a case separate within the meaning of the above statute.

On behalf of the respondents the Attorney General contends that under the above quoted statute, relator is never, under any circumstances, entitled to more than one fee in each indictment, regardless of the number of severances and trials thereafter had thereunder.

It is a sufficient statement of the facts of this case to say that there were cast in Harris County at the preceding presidential election more than 3000 votes, and if relator is correct as to the construction he places on Article 1026, supra, he is entitled to the relief prayed for by him. If the Attorney General is correct as to his construction relator is not entitled to such relief.

It will be noted that the above quoted statute provides a fee for the district clerk of $8.00 for each felony case finally disposed of without trial or dismissed or tried by jury, whether the defendant be acquitted or convicted. It is provided by Article 650, C. C. P., that where two or more defendants are jointly prosecuted they may sever in the trial at the request of either. It is provided by Article 652, C. C. P., that when a severance is granted the defendants may agree upon the order in which they are to be tried, but if they fail to agree the court shall direct the order of trial. It is evident to us that the severance statutes contemplate a separate trial of each defendant when a severance is had. In such instances, the trials are had just as though the defendants had originally been indicted separately, and not jointly. For all practical purposes when a severance is had there are as many cases as there are severances. We think this is a common sense construction to give the statute, and one well within its intent. Any other construction would lead to interminable confusion in taxing costs in severance cases. This becomes all the more obvious when it is considered that under Art. 1018, C. C. P., the costs paid by the State become a charge against the convicted defendant except in cases where he is sentenced to death or life imprisonment.

We have carefully examined Sec. 8 of Art 1033, Art. 1062, Art. 1069 and Art. 1022, all found in C. C. P., 1925, cited by the Attorney General as persuasive of his construction of Art. 1026, C. C. P., supra. In our opinion none of these statutes tend to contradict the construction we have placed on such statute.

The mandamus prayed for by realtor is granted.

Opinion adopted by the Supreme Court, May 2, 1934.